J. M. REAMER, ET AL. *v*. CITY OF LOUISVILLE.

[Abstract Kentucky Law Reporter, Vol. 6—748.]

**Suit to Collect Back Taxes.**

Before the City of Louisville can recover back taxes stated to have been duly assessed, it must be alleged and proven that public notice was given in two or more daily newspapers in said city for a space of not less than thirty days, that the assessment of all persons assessed for taxation in said city are then open for examination, and correction.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 2, 1885.

OPINION BY JUDGE LEWIS:

This is an action by appellee, the city of Louisville, to recover of appellants back taxes stated to have been duly assessed against them and to subject certain real property to the payment.

The only question we deem it necessary to consider in this appeal, being decisive of the case, is whether the chancellor erred in overruling the general demurrer of the petition.

One of the grounds of that demurrer is that it is not stated in the petition that in either one of the years in which the assessments were alleged to have been made that the assessment tolls were offered for examination and correction by the Board of Tax Commissioners, nor that 30 days' notice, or any notice was given to the taxpayers to come forward and make known their grievances.

In the case of *Ornsby v. The City of Louisville*, 79 Ky. 197, it was said: "Sec. 2 of an act approved February 17, 1866, requires that the Board of Commissioners of Taxes and Assessments shall cause public notices to be given in two or more daily newspapers in said

city for a space of not less than thirty days; that the assessments of all persons assessed for taxation in said city are then open for examination and correction."

And in *Dumesnil, et al. v. The City of Louisville,* decided June 17, 1882, 4 Ky. Law Reporter 14, 11 Ky. Opin. 667, it was held that the notice required by sec. 2 of the act referred to was an essential pre-- requisite to the enforcement of the payment of taxes, and that it was necessary to allege and prove that such notice was published in the. manner required by that section.

It was then, as heretofore, held by this court that the notice by the act was an essential pre-requisite to the enforcement of the payment of the taxes against appellants, and that it was necessary to allege and prove such notice was published in the manner required by the act, it necessarily follows that, without the allegation, the petition did not give a statement of facts sufficient to constitute a cause of action and the demurrer should have been sustained.

And as heretofore held by this court the objection to the petition on that ground was not waived by a failure to except to the judgment overruling the demurrer and such objections may be now insisted on in this court.

The judgment of the court against appellants for the taxes sued for must be reversed and cause remanded with directions to sustain the demurrer to the petition giving leave however to appellee to amend.

Judgment *reversed.*

*Semrall & Botley, Wm. Lindsay, for appellant.*
*H. M. Lane, F. L. Burnett, for appellee.*